IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 1, 2020

**STATE OF TENNESSEE v. RONALD DAVIS**

**Appeal from the Criminal Court for Shelby County**
**Nos. 18-05959, C1808990  Jennifer Johnson Mitchell, Judge**

————————————————————

**No. W2019-01315-CCA-R3-CD**

————————————————————

The Defendant, Ronald Davis, appeals the trial court's revocation of his three-year probationary sentence for identity theft.  The trial court determined that the Defendant's failure to report to his probation officer violated the terms of his probation sentence and ordered the Defendant to serve his sentence.  The Defendant asserts that the trial court's revocation of his probation sentence was an abuse of discretion because he "was trying to connect with his probation officer."  The record supports the trial court's finding that the Defendant failed to report to his probation officer during a six-month period.  Based upon this evidence, we conclude that revocation of the probation sentence was not an abuse of discretion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Phyllis Aluko, Public Defender, and Michael J. Johnson, Assistant Public Defender, Memphis, Tennessee, for the appellant, Ronald Davis.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and David M. Zak, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

On November 8, 2018, the Defendant pleaded guilty to identity theft for an agreed upon sentence of three years, to be served on probation.  In relevant part, the conditions of the Defendant's probation sentence required that he: (1) notify his probation officer

before changing his residence or place of employment; and (2) report to his probation officer as instructed.

On November 28, 2018, the Defendant's probation officer, LaQuita Hampton, filed an affidavit alleging that the Defendant had violated the conditions of his probation as follows:

> [The Defendant] was granted probation on November 8, 2018 out of Criminal Court Division #10. On this day [the Defendant] was instructed to attend probation orientation on November 15, 2018 but he failed to do so. On November 16, 2018 Probation officer mailed a letter to [the Defendant's] last known address for him to report on November 27, 2018 but he failed to do so. On December 4, 2018 Supervising Probation Officer went to [the Defendant's] last known address and the officer was informed that [the Defendant] did not reside at residence and [the resident] didn't know who [the Defendant] was. [The Defendant's] whereabouts are unknown at this writing.

Based upon these allegations, on February 26, 2019, the trial court issued a warrant for the Defendant's arrest.

The trial court held a hearing on June 21, 2019, to determine whether the Defendant had violated the conditions of his probation sentence. At the hearing, the Defendant explained why he had failed to meet with his probation officer as required. He stated that the day after he was released from jail, he called "this number" and spoke with "a man." The Defendant told the man that he had been instructed to "call him to sign up;" however, the man stated that the Defendant was not on his caseload. The Defendant asked the man to please make a note of the phone call. The following day, the Defendant went to the courtroom where he had been sentenced looking for Ms. Hampton. Instead he spoke with a "black bailiff." The bailiff sent the Defendant "to some more rooms around here," but he was unable to find Ms. Hampton. He stated, "[s]o nothing never came about" until months later when at the time of his arrest "for the Bartlett situation," he learned of the probation violation warrant.

The Defendant testified that this was his first probation sentence. When asked by the trial court what the Defendant thought would happen when he did not report, he replied, "I knew they'd probably put a warrant or something on me and then I'd just have to deal with it when it happened." When asked why he did not make additional attempts to contact his probation officer, the Defendant stated, "I was out there trying to live, man. I was out there trying to find me some work, and survive."

At this point, defense counsel interjected, referencing the portion of the complaint about the Defendant's "last known address." Defense Counsel asked the trial court to consider that the November 28 plea agreement indicated that the Defendant was homeless at the time of the guilty plea hearing.

The trial court asked the Defendant about the sentence he was currently serving, and the Defendant said that he was serving time for a violation of a "Bartlett" eleven month and twenty-nine day probation sentence. According to the Defendant, his violation was based upon the fact that he "missed court."

Based upon this evidence, the trial court found, by a preponderance of the evidence, that the Defendant had violated the conditions of his probation by failing to report to his probation officer. As a result, the trial court ordered service of the three-year sentence. It is from this judgment that the Defendant appeals.

## II. Analysis

The Defendant asserts that the trial court abused its discretion when it revoked his probation sentence. The State responds that the trial court acted within its discretion when, after determining that the Defendant had violated the terms of his probation, revoked the probation sentence and placed the sentence in to effect. We agree with the State.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310 (2019), which provides that the trial court possesses the power "at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke . . . such suspension" and cause the original judgment to be put into effect. A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2019). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2019); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).

The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In order for this Court to find an abuse of discretion, "there must be no substantial evidence

to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. Further, a finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Id.* at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

The record in this case provided substantial evidence to support the trial court's revocation of probation. First, the Defendant admitted that he did not report to his probation officer as required. Based upon the testimony at the hearing, it is clear the Defendant understood he needed to meet with his probation officer and the consequences of failing to do so. S*ee State v. Zantuan A. Horton*, No. M2014-02541-CCA-R3-CD, 2015 WL 4536265, at *3 (Tenn. Crim. App., at Nashville, July 28, 2015), *no perm. app filed* (stating that a defendant who admitted violating the terms of his probation conceded an adequate basis for finding of a violation). Despite his understanding that he must report, after two attempts within the first forty-eight hours after release from jail, he stopped making any attempt to contact his probation officer. The Defendant offered little in the way of explanation as to why he abandoned his attempts to report to the probation officer during the ensuing months before his arrest on an unrelated offense. This evidence supports the trial's court conclusion that the Defendant violated the condition of probation requiring him to report to his probation officer.

After the trial court found that the Defendant had violated the terms of his probation, it retained discretionary authority, pursuant to Tennessee Code Annotated section 40-35-310(b), to order the Defendant to serve his sentence in incarceration. The determination of the proper consequence of a probation violation embodies a separate exercise of discretion. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999). Case law establishes that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App., at Nashville, Feb. 10, 1999), *perm. app. denied* (Tenn. June 28, 1999).

We conclude that the trial court did not abuse its discretion when it ordered the Defendant to serve the remainder of his sentence. The Defendant failed to report for his probation appointments and was not living at his last known address. Additionally, the Defendant was serving a separate probation violation for his failure to appear, exhibiting a pattern of difficulty with compliance. Accordingly, we conclude that the trial court correctly found that the Defendant violated the conditions of his probation sentence and then, in its discretion, properly determined the consequence of the violation. Therefore, the Defendant is not entitled to relief.

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE